**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DAREN HARRIS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-6631** |
| **SOUTHERN FIDELITY INSURANCE COMPANY AND LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION** | **SECTION: "S" (3)** |

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #4) is **DENIED.**

**BACKGROUND**

This matter comes before the court on plaintiff's motion to remand. Plaintiff argues that this court lacks diversity subject matter jurisdiction because he and defendant, Louisiana Citizens Property Insurance Corporation ("Louisiana Citizens"), are both citizens of Louisiana. Defendants Southern Fidelity Insurance Company ("Southern Fidelity") and Louisiana Citizens oppose plaintiff's motion, arguing that Louisiana Citizens is fraudulently joined because Southern Fidelity assumed all of Louisiana Citizens' obligations under plaintiff's policy.

Plaintiff filed this action in the Civil District Court for the Parish of Orleans, State of Louisiana seeking payment under an insurance policy and bad faith damages. Plaintiff alleges that

on or about September 1, 2008 his property, located in New Orleans, collapsed as a result of

Hurricane Gustav and a subsequent wind storm. Plaintiff claims that his property was insured by

Louisiana Citizens, but that, on or about July 8, 2008, he was notified that Southern Fidelity had

assumed full responsibility for Louisiana Citizens' obligations under the policy. Plaintiff alleges

that Southern Fidelity and Louisiana Citizens are jointly liable for his damages.

Southern Fidelity removed the action to the Eastern District of Louisiana alleging that this

court has diversity subject matter jurisdiction pursuant to 28 U.S.C. §1332. Southern Fidelity, a

Florida citizen, claims that it is the only properly joined party, because it assumed all of Louisiana

Citizens' duties under the policy when it took over the policy effective March 1, 2008. Southern

Fidelity further claims that pursuant to the "Insure Louisiana Incentive Program," LA. REV. STAT.

ANN. §22:2361, *et. seq.*, plaintiff's agent approved the transfer of plaintiff's policy to Southern

Fidelity, and plaintiff was notified that Southern Fidelity assumed his policy, was given the

opportunity to oppose the assumption, and failed to so do.

## ANALYSIS

**1.      Legal Standard**

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that

"[i]f at any time before the final judgment it appears that the district court lacks subject matter

jurisdiction, the case shall be remanded." The removing defendant bears the burden of

demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v.

Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 114 S.Ct. 192 (1993). Consent need

not be obtained from a co-defendant that the removing party contends is improperly joined. Rico v.

Flores, 481 F.3d 234, 238 (5th Cir. 2007).

In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000).

**2.      Improper Joinder**

Southern Fidelity claims that the citizenship of Louisiana Citizens should be disregarded for purposes of establishing removal jurisdiction because Louisiana Citizens is improperly joined.

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*).  The Fifth Circuit has stated:

> The test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.
>
> *       *       *
>
> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants . . . [but if] . . . a plaintiff . . . has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

3

Id.

The sole issue is whether plaintiff is able to establish a cause of action against Louisiana Citizens in state court. Plaintiff, citing Louisiana Civil Code article 1821, contends that Southern Fidelity's assumption of Louisiana Citizens' obligations under the insurance policy did not release Louisiana Citizens as an obligor. Article 1821 provides:

> An obligor and third person may agree to an assumption by the latter of an obligation of the former. To be enforceable by the obligee against the third person, the agreement must be made in writing.
>
> The obligee's consent to the agreement does not effect a release of the obligor.
>
> The unreleased obligor remains solidarily bound with the third person.

Plaintiff argues that by virtue of Article 1821 Southern Fidelity and Louisiana Citizens are liable jointly and *in solido* for his damages.

Southern Fidelity and Louisiana Citizens argue that there is no solidary liability between them because Southern Fidelity's assumption of Louisiana Citizens' obligations under plaintiff's insurance policy was a complete novation. Under Louisiana law, "[n]ovation is the extinguishment of an existing obligation by the substitution of a new one. LA. CIV. CODE ANN. art. 1879 (2009). Novation may not be presumed, and the intent to extinguish the original obligation must be clear and unequivocal. LA. CIV. CODE ANN. art. 1880 (2009). One type of novation occurs when "a new obligor is substituted for a prior obligor who is discharged by the obligee." LA. CIV. CODE ANN. art. 1882 (2009). The intent of the parties determines whether a novation has occurred. See Placid Oil

4

Co. v. Traylor, 325 So.2d 313, 316 (La. App. 3 Cir. 1975), writ denied, 329 So.2d 455 (La. 1976). "Novation may also occur when the intent of the parties, the character of the transaction, the facts and circumstances surrounding the transaction, and the terms of the agreement itself reveal a desire to effect a novation." Huval Tractor Inc. v. Journet, 413 So.2d 978, 981 (La. App. 3 Cir. 1982), writ denied, 420 So.3d 446 (La. 1982). The obligor bears the burden of proving that the obligee has voluntarily released him from the original obligation. Wainer v. A.J. Equities, Ltd., 984 F.2d 679, 683-84 (5th Cir. 1993).

On June 1, 2008, Southern Fidelity sent plaintiff a "Certificate of Assumption" that stated that Southern Fidelity has "assumed full responsibility" for Louisiana Citizens obligations under plaintiff's insurance policy, policy number FZD033099604, that expired on April 15, 2009. The certificate explained that Southern Fidelity would be responsible for all covered losses under plaintiff's policy, effective March 1, 2008. Plaintiff admits in his petition that he received this letter and was aware that Southern Fidelity had assumed full responsibility for Louisiana Citizens' obligations under the policy.

Southern Fidelity attached the affidavit of Vijay Ramachandran, Louisiana Citizens' Vice President of Staff Operations, to its opposition to plaintiff's motion to remand. Mr. Ramachandran is involved in the process of transferring Louisiana Citizens' policies to other insurance companies as authorized by the "Insure Louisiana Incentive Program," LA. REV. STAT. ANN. §22:2361, *et seq.* Exhibit C to Mr. Ramachandran's affidavit is a letter to from Louisiana Citizens to its policyholders dated May 21, 2008. This letter explains that the policyholder's Louisiana Citizens property insurance policy is being transferred to another insurance company pursuant to LA. REV. STAT. ANN.

5

§22:2361, *et seq.*, which is intended to bring new insurance carriers to Louisiana, and make standard insurance available to Louisiana policyholders.[1] The letter instructs the policyholder to contact his or her agent to continue with Louisiana Citizens as his or her insurer. Further, the letter informs the policyholder that his or her agent instructed the insurance carrier change. The letter further clarifies that Southern Fidelity's assumption of Louisiana Citizens' liability for plaintiffs' insurance policy was intended to be a novation. Following receipt of the letter, plaintiff did not contact his insurance agent. Therefore, Southern Fidelity is the only insurance company that has any obligation under plaintiff's insurance policy, and Louisiana Citizens is improperly joined.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #4) is **DENIED.**

New Orleans, Louisiana, this __21st__ day of January, 2010.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[1] Formerly numbered LA. REV. STAT. ANN. §22:3301, *et seq.*